UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-01468-WLH-RAO | Date | June 21, 2023 |
| Title | Costa, et al. v. Smuggler, LLC, et al. | | |

Present: The Honorable   WESLEY L. HSU, United States District Judge

| Holidae Crawford | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings:**   **(IN CHAMBERS) ORDER RE DEFENDANTS' MOTION TO STRIKE [15]**

    Neither party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. *See* Standing Order for Newly Assigned Civil Cases at 15. Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court has deemed this matter suitable for decision without oral argument. Accordingly, the hearing and status conference set for June 21, 2023, at 1:30 PM is **VACATED**.

### I. Background

    Defendant Smuggler, LLC ("Smuggler") is a motion picture production company. (Complaint, Docket No. 1 ¶¶ 6, 11). As part of its business, Smuggler, along with its co-defendants, hires freelance crew members to work on Smuggler's productions. (*Id.* ¶¶ 12, 13). In 2022, Defendant hired Plaintiffs Kevin Costa and John Payne on three separate occasions. (*Id.* ¶¶ 19-21). According to the Complaint, on each of these occasions Defendant failed to timely compensate Plaintiffs; failed to provide proper meal and rest breaks and to pay premium wages for missed breaks; did not provide pay stubs compliant with state regulations; and did not reimburse Plaintiffs for necessary expenses. (*Id.* ¶¶ 55-56, 60, 64, 69, 72, 82).

    On January 18, 2023, Plaintiffs brought this class action against Smuggler and several co-defendants, including Brian Carmody ("Carmody"), the Secretary of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

holding company that manages Smuggler.[1] (*Id.* at 1). Plaintiffs allege seven counts under the California Labor Code, the Private Attorneys General Act, and the California Business and Professions Code. (*Id.* at 17-22).

Defendants brought this Motion to Strike pursuant to Federal Rule of Civil Procedure 12(f). (Docket No. 15 at 1). Defendants take issue with two aspects of the Complaint. First, in two places, the Complaint discusses Defendant Carmody's prior employment at a production company called Propaganda Films, Inc. ("Propaganda"). (Docket No. 1 ¶ 8, n.1). According to the Complaint, Propaganda was sued in 2000 and again in 2001 for its alleged failure to pay workers on time. (*Id.*). Propaganda declared bankruptcy in 2001. (*Id.*). Defendants seek to strike both mentions in the Complaint of Carmody's prior employment at Propaganda. (Docket No. 15 at 2).

Second, Defendants take issue with several of the class periods that Plaintiffs propose. (*Id.* at 7-8). Specifically, they seek to strike Plaintiffs' extensions of the proposed class periods under the California Judicial Council's Emergency Rule 9 ("Emergency Rule 9"). *See* Cal. Rules of Court app. I, Emergency Rule 9 (adopted April 6, 2020, amended effective May 29, 2020), available at https://www.courts.ca.gov/documents/appendix-i.pdf. Emergency Rule 9, which was adopted in response to the Covid-19 pandemic, tolled civil statutes of limitations of more than 180 days for the roughly six-month period from April 6, 2020 to October 1, 2020. *Id.* Plaintiffs incorporate the Emergency Rule 9 extension into all limitations periods that overlap with the tolling period so that, by way of example, a three-year limitations period becomes a three-year and 180-day limitations period. (Docket No. 1 ¶¶ 45-46). Defendants argue that Emergency Rule 9 is inapplicable here because Plaintiffs allege that they worked for Smuggler in 2022, while Emergency Rule 9 applies only to claims that accrued prior to October 1, 2020. (*See* Docket No. 15 at 7). They seek to strike all mentions of 180-day extensions in the Complaint.

## II. Legal Standard

Under Rule 12(f), a court may strike "any redundant, immaterial, impertinent, or scandalous matter" from the pleadings. Fed. R. Civ. Proc. 12(f). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded," while "'[i]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (citations omitted).

---

[1] The involvement of the various other co-defendants is not relevant to this Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

### III. Analysis

Defendants' Motion to Strike is **GRANTED** with leave to amend.

### A. Carmody's prior employment

Plaintiffs argue that mentions in the Complaint of Carmody's prior employment at Propaganda should not be stricken because they are relevant "to any claim from the current Defendants… that they were unaware of the requirements of California law." (Docket No. 17 at 4). Defendants counter that these allegations are "superfluous historical allegations" that "are not related to the actions at issue in this case." (Docket No. 15 at 5).

The Court agrees with Defendants that Carmody's prior employment at Propaganda is immaterial and impertinent to the Complaint and creates serious risks of unfair prejudice to Defendants. "Superfluous historical allegations are a proper subject of a motion to strike." *Fantasy, Inc.*, 984 F.2d at 1527. In *Fantasy*, the plaintiff made allegations of prior bad acts by two major shareholders of the defendant corporation. *Id*. at 1526. The district court struck the allegations, finding that they "created serious risks of prejudice to Fantasy, delay, and confusion of the issues." *Id*. at 1528. On appeal, plaintiff argued that the allegations "present[ed] 'relevant background and foundational facts' establishing a pattern of abuse." *Id*. The Ninth Circuit affirmed the district court's ruling, however, finding that the allegations "did not involve the parties to the [underlying] action, but rather consisted of stale and barred charges that had already been extensively litigated and would have been burdensome for Fantasy to answer." *Id*.

*Fantasy* is applicable here. Plaintiffs do not allege that Carmody was in any way involved in the actions against Propaganda or in Propaganda's bankruptcy filing, all of which occurred over two decades ago. (*See* Docket No. 1 ¶ 8, n.1). The allegations are therefore not relevant to Carmody's knowledge of the requirements of California law. Since the allegations are immaterial and impertinent to the issues in this case and create a serious risk of undue prejudice, the Court **GRANTS** Defendants' Motion to Strike the entirety of footnote 1 and the second and third sentences in ¶ 8 of the Complaint.

### B. The Emergency Rule 9 extension

Plaintiff proposes six different classes, each related to a different cause of action. (Docket No. 1 at ¶¶ 45-46). For all causes of action with limitations periods of three years or longer—four, in total—Plaintiffs apply Emergency Rule 9 to extend the statute of limitations by 180 days. (*Id.*) For example, the normal statute of limitations for an action for unpaid wages under the California Labor Code is three years. Cal. Civ. Proc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Code § 338; *Montecino v. Spherion Corp.*, 427 F. Supp. 2d 965, 967 (C.D. Cal. 2006). In light of Emergency Rule 9, Plaintiffs propose a class period of "three years and 180 days prior to the filing of [the] Complaint" for causes of action under the Labor Code. (Docket No. 1 ¶ 45). Defendant moves to strike all mentions of 180-day extensions in the Complaint.

Though the Court disagrees with Defendants' reasoning, the Court nevertheless **GRANTS** Defendants' Motion and gives Plaintiffs leave to amend.

### i. Emergency Rule 9 applies.

Defendants argue that the Court must strike all 180-day extensions to the proposed class periods because Emergency Rule 9 applies to only those claims that accrued prior to October 1, 2020, and Plaintiffs did not work for Smuggler until 2022. (Docket No. 15 at 4). Therefore, Defendants claim that the extended periods under Emergency Rule 9 are "immaterial and prejudicial." (*Id.* at 7). The Court disagrees.

As long as the limitations period for a cause of action overlaps with the tolling period—that is, as long as the limitations period extends back to October 1, 2020, or earlier—the Emergency Rule 9 extension applies. It does not matter that the named Plaintiffs allege they were injured by Defendants' conduct in 2022. Others in the class may have been injured by the same conduct prior to October 1, 2020. Defendants point to no authority supporting their assertion that a named plaintiff in a case such as this one must allege an injury that occurred before or during, but not after, a tolling period for the tolling period to apply. This would defeat the purpose of the tolling period.

Additionally, there is no indication that Emergency Rule 9 is inapplicable to class action suits. The Advisory Committee made clear in its notes that the rule was "intended to apply broadly to toll any statute of limitations on the filing of a pleading in court asserting a civil cause of action." Emergency Rule 9, Advisory Committee Note. The courts in this circuit that have considered Emergency Rule 9's application have found that "[a] common sense reading of this language makes clear that no exclusions were intended." *Palacios v. Interstate Hotels & Resorts Inc.*, No. 21-CV-05799-TSH, 2021 WL 4061730, at *3 (N.D. Cal. Sept. 7, 2021); *see also Pumphrey v. Battles*, No. 21-CV-09005-JSC, 2023 WL 1769185, at *1 (N.D. Cal. Feb. 3, 2023) ("Emergency Rule 9 is state law that broadly tolled all civil statutes of limitations.").

Moreover, by looking to strike the Emergency Rule 9 extensions from the proposed class definitions, Defendants are essentially asking the Court to determine the appropriate class periods. Doing so would be premature at this stage. *See, e.g., Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

(stating that it is "rare" for a court to strike class allegations "in advance of a motion for class certification"); *Fernandez v. CoreLogic Credco, LLC*, 593 F. Supp. 3d 974, 997 (S.D. Cal. 2022) (finding that on a motion to strike, "[t]he determination of what the actual class period should be… would best be decided after a period of reasonable discovery, and ruling on that now would be premature.").

   ii. **Emergency Rule 9 extends limitations periods by 178—not 180—days.**

Though the Court declines to strike the extensions from the Complaint based on Defendants' reasoning, the Court will strike mentions of a 180-day extension and grant Plaintiffs leave to amend because of a simple and fixable error. As discussed, in proposing each class period, the Complaint extends the statute of limitations by 180 days pursuant to Emergency Rule 9. But "Emergency Rule 9 has the practical effect of adding 178 days to unexpired statutes of limitations." *Cai v. CMB Exp. LLC*, No. CV2202025MWFJPRX, 2022 WL 17080172, at *6 (C.D. Cal. Oct. 4, 2022); *see also Gianelli v. Schoenfeld*, No. 221CV00477JAMKJNPS, 2021 WL 4690724, at *19 (E.D. Cal. Oct. 7, 2021) ("Federal and state courts, alike, are treating Emergency Rule 9 as having the practical effect of adding 178 days to unexpired statutes of limitations."); *Hector Tapia v. Hyatt Corp.*, No. SACV2002346DOCJDEX, 2021 WL 3076650, at *5 (C.D. Cal. June 30, 2021) (Emergency Rule 9 applied an "extension of 178 days" to statutes of limitations); *Varlack v. Ohio Sec. Ins. Co.*, No. 22-CV-02478-VC, 2023 WL 2012836, at *1 (N.D. Cal. Feb. 15, 2023) (agreeing with plaintiff's assertion that Emergency Rule 9 tolled statute of limitations for 178 days).

Plaintiffs' confusion is understandable given that Emergency Rule 9 applies to "civil causes of action that exceed 180 days," and the mistake may be easily fixed by amending the Complaint. Emergency Rule 9. Accordingly, the Court strikes all mentions of 180-day extensions in the Complaint, but grants Plaintiffs leave to amend so they may refer instead to the 178-day extension under Emergency Rule 9.

   IV.   **Conclusion**

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Strike in its entirety but gives Plaintiffs leave to amend for 20 days from the date of this Order.